DANIEL G. BOGDEN
United States Attorney
Nevada Bar No. 2137
MICHAEL A. HUMPHREYS
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
Telephone: (702) 388-6336
Facsimile: (702) 388-6787
E-mail: Michael.Humphreys@usdoj.gov
Counsel for the United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>2010 NISSAN 370Z, VIN:<br>JN1AZ4FH1AM301985,<br><br>　　　　　　Defendant. | 2:11-CV-163-GMN (PAL) |

<u>DEFAULT JUDGMENT OF FORFEITURE</u>

The United States filed a Verified Complaint for Forfeiture *in Rem* on January 31, 2011. Docket #1. The Complaint (#1) alleges the defendant property:

    a.    was used, or intended to be used, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance in violation of Title II of the Controlled Substances Act, 21 U.S.C. Section 801, et seq., or is property traceable to such property, and is subject to forfeiture pursuant to 21 U.S.C. Section 881(a)(4).

It appearing that process was fully issued in this action and returned according to law;

On February 4, 2011, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice and issued the Summons and Warrant of Arrest in Rem. #3.

On February 4, 2011, the United States Marshals Service served the Complaint, the Order, the Summons and Warrant of Arrest in Rem for the Property, and the Notice by executing them on the defendant property. #4.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication on the official government website www.forfeiture.gov from February 9, 2011, through March 10, 2011. #5.

On May 26, 2011 Notice of Filing Service of Process was entered attaching the United States Marshals Service's Return on Service of Process evidencing service of process on all known interested parties by personal service, regular mail and/or certified return receipt mail as follows #8:

    a)    March 31, 2011: Carolyn M. Allen, Inmate ID #1622611, by Personal Service in Cell Block. #8, p. 2-4;

    b)    April 11, 2011:  Westlake Financial Services, Attention Marvin Stanton, Resident Agent,by Regular Mail. #8, p. 48-50;

    c)    April 11, 2011: Westlake Financial Services, Attention John Schwartz, Legal Counsel, by Regular Mail. #8, p. 34-36;

    d)    April 11, 2011: Westlake Financial Services, Attention Don Hankey, Chairman of the Board, by Regular Mail. #8, p.27-29;

    e)    April 11, 2011: Westlake Financial Services, Attention Marine Rivas, by Regular Mail. #8, p.20-22;

    f)    April 11, 2011: Westlake Financial Services, Attention Ian Anderson, President, by Regular Mail. #8, p. 41-43;

    g)    April 13, 2011: John J. Momot, Esq., Counsel for Carolyn M. Allen, by Personal Service (attempted).  Momot refused to accept service. #8, p.5-7;

    h)    April 14, 2011: Westlake Financial Services, Attention John Schwartz, Legal Counsel, by Certified Return Receipt. #8, p. 30-33;

. . .

i) April 14, 2011: Westlake Financial Services, Attention Don Hankey, Chairman of the Board, by Certified Return Receipt. #8, p. 23-26;

j) April 14, 2011: Westlake Financial Services, Attention Marine Rivas, by Certified Return Receipt. #8, p. 16-19;

k) April 14, 2011: Westlake Financial Services, Attention Ian Anderson, President, by Certified Return Receipt. #8, p.37-40;

l) April 19, 2011: Westlake Financial Services, Attention Marvin Stanton, Resident Agent, by Certified Return Receipt (attempted). Returned unexecuted. #8, p. 44-47.

m) May 12, 2011: John J. Momot, Esq., Counsel for Carolyn M. Allen, by Regular Mail. #8 p.12-15; and

n) May 13, 2011: John J. Momot, Esq., Counsel for Carolyn M. Allen, by Certified Return Receipt. #8, p. 8-11.

All persons interested in the defendant property were required to file their claims with the Clerk of the Court within 30 days of the publication of the Notice or within 35 days of actual notice of this action, as applicable, followed by the filing of an answer to the Complaint within 21 days after the filing of their respective claims. #1, #3, #4, #5, #8.

On May 12, 2011, a Verified Claim by Westlake Financial Services to the Subject Property was filed. #7.

On May 27, 2011, an Answer to the Complaint was filed by Claimant Westlake Financial Services. #9.

On October 3, 2011, the United States filed a Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Westlake Financial Services, and Order, regarding the 2010 Nissan 370Z, VIN: JN1AZ4FH1AM301985. Westlake Financial Services waived, among other things, service of process. #11.

On October 5, 2011, the Court entered the Order granting the Settlement Agreement, Stipulation for Entry of Judgment of Forfeiture as to Westlake Financial Services, and Order. #12.

No other person or entity, with the exception of Westlake Financial Services, has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On October 6, 2011, the United States filed a Request for Entry of Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action, with the exception of Westlake Financial Services. #13.

On October 7, 2011, the Clerk of the Court entered a Default against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action, with the exception of Westlake Financial Services. #14.

Carolyn M. Allen is not in the military service within the purview of the Servicemembers Civil Relief Act.

The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the United States is entitled to the relief requested in the Complaint.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture be entered against the defendant property and all persons or entities who claim an interest in the defendant property in the above-entitled action, with the exception of Westlake Financial Services.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the same is hereby forfeited to the United States of America, and no right, title, or interest in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

**DATED** this 27th day of October, 2011.

_____
Gloria M. Navarro
United States District Judge